Eastern District of Kentucky
F I L E D
AUG 2 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-489-GWU

ROSCOE ROARK,                                                PLAINTIFF,

VS:                        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Roscoe Roark brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Roark, a 45 year-old former furniture industry deliveryman/repairman, furniture salesman and lumber puller with "limited" education, suffered from impairments related to acute pancreatitis, noninsulin diabetes mellitus, a history of hyperlipidemia, a history of hypertension, a depressive disorder, and borderline intelligence. (Tr. 29-30, 35). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform the full range of light level work. (Tr. 35-36). Since the claimant would be able to return to his past work as a furniture salesman, he could not be considered totally disabled. (Tr. 36). As an alternative, the ALJ noted that Rule 202.17 of the Medical-Vocational Guidelines would mandate a finding of "not disabled." (Tr. 36).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The ALJ properly determined that Roark retained the physical ability to perform the full range of light level work. Dr. Jules Barefoot, an examining consultant, found no restriction of ability in such areas as sitting, moving about, lifting, carrying, handling objects, hearing, seeing, and understanding normal conversation. (Tr. 130). Dr. John Rawlings (Tr. 161) and Dr. James Ramsey (Tr. 162), the non-examining medical reviewers, each opined that the plaintiff did not suffer from any physical limitations. Such treating and examining sources as the staff at Memorial Hospital (Tr. 111-126, 132-153, 180-206) and Dr. Joseph James (Tr. 154-160) did not identify the existence of more severe physical restrictions than those found by the ALJ. Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's physical status.

The ALJ also dealt properly with the evidence of record relating to Roark's mental status. The plaintiff sought treatment for his mental complaints at the Kentucky River Comprehensive Care Center in March of 2001. The claimant was diagnosed with a depressive disorder and alcohol dependence in full remission, (Tr. 220). Borderline intellectual functioning was suspected. (Tr. 220). Treatment notes repeatedly record that Roark was "doing well" and that his medication was helping his condition. (Tr. 211-212, 216-218). In April of 2001, only one month after beginning treatment, the plaintiff's depression was reported to be going away. (Tr. 217). Specific mental restrictions were never identified at Kentucky River. (Tr. 207-221). Psychologist Ilze Sillers, a non-examining medical reviewer, opined that Roark's mental problems were not "severe." (Tr. 163). Therefore, under these circumstances, the ALJ properly concluded that the claimant did not suffer from any mental limitations which would interfere with the performance of light level work.

The medical record indicates that Roark could still perform the full range

6

of light level work. The ALJ, noting that the Dictionary of Occupational Titles (DOT) classified the plaintiff's furniture sales work as light in exertion, concluded that he could return to this position. Rule 202.17 of the Medical-Vocational Guidelines would also mandate a finding of "not disabled" for one of the claimant's age, educational level and work background. Therefore, the administrative decision is supported by substantial evidence.

Roark argues that the ALJ erred in relying upon his past furniture salesman's work as grounds to deny him Social Security benefits. He asserts that his past job duties did not match the description of furniture salesperson in the DOT. However, even if the claimant is correct, Rule 202.17 remains to support the administrative decision. Therefore, any error on the part of the ALJ was harmless.

Roark asserts that, in determining his residual functional capacity, the ALJ did not engage in the step-by-step analysis required by Social Security Ruling 96-8. However, in reaching his conclusions with regard to the claimant's residual functional capacity, the ALJ reviewed the medical record and noted the lack of any functional restrictions noted by such examining and treating sources as Dr. Barefoot, Dr. James and the Cumberland River staff. (Tr. 33). The ALJ took into consideration the claimant's ability to engage in such activities as serving as pastor for a small church, doing a radio broadcast, and performing yard work. (Tr. 33). Thus, the record strongly supports the administrative decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

7

entered simultaneously consistent with this opinion.

    This the _____24_____ day of August, 2005.

                                                G. WIX UNTHANK
                                                SENIOR JUDGE